UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X    19-CV-235 (JFB)(AYS)
WAYNE HARDY,

                                      Plaintiff,        **COUNTY**
-against-        **DEFENDANTS'**
      **ASNWER TO**
      **PLAINTIFF'S**
COUNTY OF NASSAU, a municipal entity; Nassau       **COMPLAINT**
County Police Officer CAMPIAGNO (whose first
name is currently unknown and whose last name is
believed to be spelled as set forth herein), in his
individual capacity; and Nassau County Police Officer
JOHN DOE (whose name is currently unknown), in his
individual capacity,

                                       Defendants.
------------------------------------------------------------------------ X

      Defendants County of Nassau and Nassau County Police Officer Campiagno (hereinafter collectively referred to as "County Defendants"), by their attorney Jared A. Kasschau, Nassau County Attorney, by Pablo A. Fernandez, Deputy County Attorney, as and for their Answer to Plaintiff's Complaint respond as follows:

**AS AND FOR A RESPONSE TO SECTION: PRELIMINARY STATEMENT**

1. Deny the allegations set forth in paragraph "1" of the Complaint, and respectfully refer all questions of law to this Court.

2. Deny the allegations set forth in paragraph "2" of the Complaint to the extent it contains allegations of fact to which a response is required.

**AS AND FOR A RESPONSE TO SECTION: JURISDICTION AND VENUE**

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, and respectfully refer all questions of law to this Court.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint and respectfully refer all questions of law to this Court.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint and respectfully refer all questions of law to this Court.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to this Court.

## AS AND FOR A RESPONSE TO SECTION: JURY DEMAND

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint and respectfully refer all questions of law to this Court.

## AS AND FOR A RESPONSE TO SECTION: THE PARTIES

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint and respectfully refer all questions of law to this Court.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except to aver that Defendant County of Nassau is a municipal corporation existing under the laws of the State of New York.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except aver that Nassau County Police Department is an administrative arm of the County of Nassau.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint and respectfully refer all questions of law to this Court.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint and respectfully refer all questions of law to this Court.

13. Deny the allegations set forth in paragraph "13" of the Complaint and respectfully refer all questions of law to this Court.

### AS AND FOR A RESPONSE TO SECTION: COMPLIANCE WITH NEW YORK'S GENERAL MUNICIPAL LAW

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint and respectfully refer all questions of law to this Court.

### AS AND FOR A RESPONSE TO SECTION: STATEMENT OF FACTS

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint and respectfully refer all questions of law to this Court.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint and respectfully refer all questions of law to this Court.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint and respectfully refer all questions of law to this Court.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint and respectfully refer all questions of law to this Court.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint and respectfully refer all questions of law to this Court.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint and respectfully refer all questions of law to this Court.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION: 42 U.S.C. SECTION 1983 – VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENT**

34. Answering paragraph "34" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "33" of the Complaint as though fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint and respectfully refer all questions of law to this Court.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint and respectfully refer all questions of law to this Court.

**AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION: VIOLATIONS OF THE NEW YORK STATE CONSTITUTION**

38. Answering paragraph "38" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "37" of the Complaint as though fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint and respectfully refer all questions of law to this Court.

40. Deny the allegations set forth in paragraph "40" of the Complaint and respectfully refer all questions of law to this Court.

41. Deny the allegations set forth in paragraph "41" of the Complaint and respectfully refer all questions of law to this Court.

42. Deny the allegation set forth in paragraph "42" of the Complaint and respectfully refer all questions of law to this Court.

**AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION: FALSE ARREST AND IMPRISONMENT**

43. Answering paragraph "43" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "42" of the Complaint as though fully set forth herein.

44. Deny the allegations contained in paragraph "44" of the Complaint and respectfully refer all questions of law to this Court.

45. Deny the allegations contained in paragraph "45" of the Complaint and respectfully refer all questions of law to this Court.

46. Deny the allegations contained in paragraph "46" of the Complaint and respectfully refer all questions of law to this Court.

47. Deny the allegations contained in paragraph "47" of the Complaint and respectfully refer all questions of law to this Court.

48. Deny the allegation contained in paragraph "48" of the Complaint and respectfully refer all questions of law to this Court.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION: ASSAULT AND BATTERY**

49. Answering paragraph "49" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "48" of the Complaint as though fully set forth herein.

50. Deny the allegations contained in paragraph "50" of the Complaint and respectfully refer all questions of law to this Court.

51. Deny the allegations contained in paragraph "51" of the Complaint and respectfully refer all questions of law to this Court.

52. Deny the allegations contained in paragraph "52" of the Complaint and respectfully refer all questions of law to this Court.

53. Deny the allegations contained in paragraph "53" of the Complaint and respectfully refer all questions of law to this Court.

54. Deny the allegations contained in paragraph "54" of the Complaint and respectfully refer all questions of law to this Court.

55. Deny the allegation contained in paragraph "55" of the Complaint and respectfully refer all questions of law to this Court.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION: NEGLIGENCE AND RECKLESSNESS**

56. Answering paragraph "56" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "55" of the Complaint as though fully set forth herein.

57. Deny the allegations contained in paragraph "57" of the Complaint and respectfully refer all questions of law to this Court.

58. Deny the allegations contained in paragraph "58" of the Complaint and respectfully refer all questions of law to this Court.

59. Deny the allegations contained in paragraph "59" of the Complaint and respectfully refer all questions of law to this Court.

60. Deny the allegation contained in paragraph "60" of the Complaint and respectfully refer all questions of law to this Court.

### AS AND FOR A RESPONSE TO PLAINTIFF'S SIXTH CAUSE OF ACTION: GROSS NEGLIGENCE

61. Answering paragraph "61" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "60" of the Complaint as though fully set forth herein.

62. Deny the allegations contained in paragraph "62" of the Complaint and respectfully refer all questions of law to this Court.

63. Deny the allegations contained in paragraph "63" of the Complaint and respectfully refer all questions of law to this Court.

64. Deny the allegation set forth in paragraph "64" of the Complaint and respectfully refer all questions of law to this Court.

### AS AND FOR A RESPONSE TO PLAINTIFF'S SEVENTH CAUSE OF ACTION: TRESPASS TO CHATTEL

65. Answering paragraph "65" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" though "65" of the Complaint as though fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the Complaint, and respectfully refer all questions of law to this Court.

67. Deny the allegations set forth in paragraph "67" of the Complaint and respectfully refer all questions of law to this Court.

68. Deny the allegations set forth in paragraph "68" of the Complaint and respectfully refer all questions of law to this Court.

69. Deny the allegation set forth in paragraph "69" of the Complaint and respectfully refer all questions of law to this Court.

**AS AND FOR A RESPONSE TO PLAINTIFF'S EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING, SCREENING, RETENTION, TRAINING, AND SUPERVISION**

70. Answering paragraph "70" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "69" of the Complaint as though fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint and respectfully refer all questions of law to this Court.

72. Deny the allegations set forth in paragraph "72" of the Complaint and respectfully refer all questions of law to this Court.

73. Deny the allegations set forth in paragraph "73" of the Complaint and respectfully refer all questions of law to this Court.

74. Deny the allegations set forth in paragraph "74" of the Complaint and respectfully refer all questions of law to this Court.

**AS AND FOR A RESPONSE TO PLAINTIFF'S REQUESTED RELIEF WITHIN THE COMPLAINT**

75. County Defendants deny that the Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph "74" of the Complaint.

**AFFIRMATIVE DEFENSES**

76. Plaintiff's Complaint and each and every claim set forth therein fails to state a claim upon which relief can be granted.

77. Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

78. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

79. The alleged acts or omissions of the County Defendants herein, and/or any agents, servants or employees, under the case of *Monell v New York City Department of Social Services*, 436 U.S. 658 [1978], does not impose vicarious liability against the County of Nassau pursuant to the respondeat superior doctrine. Consequently, County of Nassau cannot be found liable for any acts or conduct of the County Defendants herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 U.S.C. Section 1983.

80. The actions complained of herein were in full accord with the applicable law.

81. County Defendants did not violate Plaintiff's Constitutional and statutory rights.

82. That at all times herein mentioned and mentioned in the complaint, the police officers, and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the Plaintiff were in the performance of their respective duties as police officers, and/or agents, servants or employees of the Defendant County of Nassau; that all of the acts performed by each police officer, peace officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with the Plaintiff were performed in good faith, without malice, and with reasonable and proper cause.

83. Plaintiff's claims are barred by the applicable statute(s) of limitation.

84. Plaintiff failed to exhaust administrative remedies.

85. Plaintiff's claims are barred by the collateral estoppel doctrine.

86. Plaintiff's claims are barred by the res judicate doctrine.

87. County of Nassau, its agencies, departments and employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

88. That should Plaintiff recover damages as a result of a finding of liability in whole or in part against County Defendants, such recovery should be reduced and diminished to the degree of comparative negligence of Plaintiff in contributing to such damage.

89. That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless and/or wrongful conduct of the Plaintiff without any negligence, recklessness and/or wrongful conduct of the Defendant County of Nassau, its agents, servants or employees contributing thereto.

90. Plaintiff failed to mitigate damages in this matter.

91. The alleged acts or omissions of the County Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff. Any injuries or damages incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendants.

92. Pursuant to the New York Civil Procedure Law and Rules ("CPLR") Section 1603, the Defendants assert the limitations contained in CPLR Sections 1601 and 1602 and all rights contained therein.

93. Plaintiff cannot recover punitive damages against the Defendant County of Nassau as a matter of law.

**WHEREFORE**, County Defendants respectfully request an Order dismissing the Complaint with prejudice and such other and further relief as this Court deems just and proper.

**DATED**: March 18, 2019
Mineola, New York

JARED A. KASSCHAU
NASSAU COUNTY ATTORNEY

*/S Pablo A. Fernandez*
By: Pablo A. Fernandez, Esq.
Deputy County Attorney
*Attorneys for County Defendants*
One West Street
Mineola, New York 11501
516-571-5775

**TO:** BERNSTEIN CLARKE & MOSKOVITZ, PLLC
Joshua Moskovitz, Esq.
Colin Reeves, Esq.
*Attorneys for Plaintiff*
11 Park Place | Suite 914
New York, New York 10007
212-321-0087