UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

WAYNE HARDY,

                                          Plaintiff,

   -against-

COUNTY OF NASSAU, a municipal entity; Nassau County Police Officer ROBERT GALGANO, in his individual capacity; and Nassau County Police Officer DANIEL CONCANNON, in his individual capacity,

                                          Defendants.

------------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Case No. 19-cv-235 (RRM) (AYS)

Plaintiff WAYNE HARDY, by and through his attorneys, Bernstein Clarke & Moskovitz PLLC, as and for his First Amended Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Wayne Hardy brings this civil rights action because his constitutional and civil rights were violated when Nassau County Police Department officers seized him and searched his car without legal justification and arrested him without probable cause.

2. Mr. Hardy brings this suit to vindicate his civil and constitutional rights and to hold the officers accountable for their actions. He seeks, among other things, compensatory damages for his injuries and punitive damages to ensure that the officers' misconduct is punished and will not happen again.

**JURISDICTION AND VENUE**

3. This action is brought pursuant to 42 U.S.C. § 1983 for violations of plaintiff's civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

1

4. This action also involves violations of plaintiff's rights under the New York State Constitution and New York State common law.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District, which is the judicial district where the events giving rise to this action took place.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each of his claims for which a jury trial is legally available.

## THE PARTIES

8. Plaintiff WAYNE HARDY is a citizen of the United States. At all times relevant to this complaint, he resided in the State of New York.

9. Defendant COUNTY OF NASSAU ("County") is a municipal entity created and authorized under the laws of the State of New York.

10. The County is authorized by law to maintain a police department and does maintain the Nassau County Police Department ("NCPD"). The NCPD acts as the County's agent, and the County assumes the risks incidental to the maintenance of a police department and the employment of police officers.

11. Upon information and belief, at all relevant times, defendant NCPD Officer ROBERT GALGANO and defendant NCPD Officer DANIEL CONCANNON (collectively, "the defendant officers") were and are citizens of the United States and the State of New York.

12. At all relevant times, the defendant officers were employed by the County and acted under color of law and in the course and scope of their duties and authority as officers, agents, servants, and employees of the NCPD and the County.

13. At all relevant times, NCPD officers—who, upon information and belief, were the defendant officers—violated plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6 and 12 of the New York State Constitution, of which reasonable law enforcement officers in their respective circumstances would have known were violations of plaintiff's rights.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

14. Plaintiff served a Notice of Claim upon the County within ninety days of the accrual of Plaintiff's claims in accordance with New York General Municipal Law § 50-e and New York County Law § 52.

15. Plaintiff received confirmation that the Notice of Claim was received by the County.

16. More than thirty days have elapsed since the Notice of Claim was served and the County has neglected or refused to adjust or pay said claims.

17. This action is filed within one year and ninety days of the events giving rise to Plaintiff's claims.

## STATEMENT OF FACTS

18. In the early hours of October 15, 2017, Plaintiff Wayne Hardy was in the driver's seat of a car in the parking lot of the Capri Motor Inn, which is located at 434 Hempstead Turnpike, in West Hempstead, Nassau County, New York.

19. Plaintiff had lawful authority to operate the vehicle, which was on loan to him by his mechanic while Plaintiff's car was being repaired.

20. Three other individuals were in or around Plaintiff's vehicle.

21. NCPD officers—who, upon information and belief, were the defendant officers—approached Plaintiff's car and demanded that Plaintiff provide his license and the car's registration.

22. The officers had no objective credible reason, founded suspicion, reasonable suspicion, probable cause, or other legal justification to stop, question, or detain Plaintiff.

23. Plaintiff provided his license and the car's registration to the officers.

24. Without a lawful basis, the officers ordered Plaintiff to step out of the car.

25. The officers then searched Plaintiff and searched the inside of the car, including the trunk.

26. The officers lacked reasonable suspicion, probable cause, or other adequate legal justification to search either Plaintiff or his car.

27. The officers found a gun in the trunk of Plaintiff's car.

28. Plaintiff was the owner of the gun and was in lawful possession of the gun.

29. Even though Plaintiff lawfully possessed the gun, and the officers had no reason or legal justification to believe that Plaintiff unlawfully possessed the gun, the officers detained and arrested Plaintiff and confiscated the gun.

30. The officers handcuffed Plaintiff in an unreasonable manner, causing him pain and physical injury.

31. Plaintiff informed the officers that being handcuffed in this manner was causing him pain, but the officers ignored him.

32. Later that morning, and without charging him with any offense, the officers released Plaintiff from custody and returned his gun to him.

33. As a result of the officers' conduct, Plaintiff sustained damages and injuries that include, but are not limited to, physical pain and suffering; apprehension, fear, and distrust of law enforcement; emotional, mental, and psychological distress; loss of liberty; deprivation of and interference with the use of his personal property; and violation of his rights under the United States Constitution and New York Constitution and common law.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of the Fourth and Fourteenth Amendments

34. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

35. In committing the acts and omissions complained of herein, the NCPD officers—who, upon information and belief, were the defendant officers—acted under color of state law to deprive Plaintiff of his rights protected under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a. the right to be free from unreasonable search and seizure;

   b. the right to be free from excessive force;

   c. the right to be free from arrest or detention without probable cause;

   d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention Plaintiff was aware and to which he did not consent; and

   e. the right to be free from deprivation of liberty and property without due process of law.

36. As a direct and proximate result of the officers' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth above.

37. The officers' unlawful conduct was intentional, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution

38. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

39. NCPD officers—who, upon information and belief, were the defendant officers—subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving plaintiff of rights, privileges, and immunities guaranteed by Article I, §§ 6 and 12 of the New York State Constitution, including, without limitation, the rights and privileges secured to all citizens of the State of New York and the right to due process.

40. As a direct and proximate result of the officers' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

41. The officers' unlawful conduct was intentional, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

42. Defendant County is vicariously liable for this conduct.

## THIRD CAUSE OF ACTION
### False Arrest and Imprisonment

43. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

44. Plaintiff was intentionally detained, confined, and held under the imprisonment and control of NCPD officers—who, upon information and belief, were the defendant officers.

45. Plaintiff was conscious of the confinement and did not consent to the confinement, and the confinement was not otherwise privileged.

46. As a direct and proximate result of the officers' conduct, Plaintiff suffered the injuries and damages set forth above.

47. The officers' unlawful conduct was intentional, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

48. Defendant County is vicariously liable for this conduct.

### FOURTH CAUSE OF ACTION
**Assault and Battery**

49. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

50. Without just cause or consent, NCPD officers—who, upon information and belief, were the defendant officers—intentionally acted in such a manner as to place Plaintiff in imminent apprehension of harmful contact to his body.

51. As a result of the officers' conduct, Plaintiff apprehended that harmful contact from the officers was imminent.

52. Without just cause or consent, the officers intentionally and wrongfully used physical force against and made harmful contact with Plaintiff.

53. As a direct and proximate result of the officers' conduct, Plaintiff suffered the injuries and damages set forth above.

54. The officers' unlawful conduct was intentional, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

55. Defendant County is vicariously liable for this conduct.

## FIFTH CAUSE OF ACTION
### Negligence and Recklessness

56. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

57. NCPD officers—who, upon information and belief, were the defendant officers—owed a duty of care to Plaintiff and they breached that duty through their wrongful actions and inactions.

58. Plaintiff's injuries and damages were directly and proximately caused by the carelessness, recklessness or negligence of the officers, who were on duty and acting within the scope of their employment when they breached the duty of care that they owed the Plaintiff.

59. The conduct of the officers was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

60. Defendant County is vicariously liable for this conduct.

## SIXTH CAUSE OF ACTION
### Gross Negligence

61. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

62. Plaintiff's injuries herein were directly and proximately caused by the gross negligence of NCPD officers—who, upon information and belief, were the defendant officers—who were on duty and acting within the scope of their employment when they engaged in the wrongful conduct described herein.

63. The officers' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

64. Defendant County is vicariously liable for this conduct.

## SEVENTH CAUSE OF ACTION
### Trespass to Chattel

65. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

66. NCPD officers—who, upon information and belief, were the defendant officers—intentionally dispossessed Plaintiff of his gun and deprived him of its use for a substantial time.

67. As a direct and proximate result of the officers' conduct, Plaintiff suffered the injuries and damages set forth above.

68. The officers' unlawful conduct was intentional, willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

69. Defendant County is vicariously liable for this conduct.

## EIGHTH CAUSE OF ACTION
### Negligent Hiring, Screening, Retention, Training, and Supervision

70. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

71. Defendant County has a duty to use reasonable care in the hiring, screening, retention, training, and supervision of NCPD officers.

72. Upon information and belief, the County failed to discharge this duty with respect to the hiring, screening, retention, training, and supervision of the NCPD officers—who, upon information and belief, were the defendant officers.

73. The officers' conduct was a foreseeable consequence of the County's failure to adequately hire, screen, train, supervise, and retain the defendant officers.

74. As a direct and proximate result of the County's actions and omissions, Plaintiff suffered the injuries and damages set forth above.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from the individual defendants to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 6, 2019

BERNSTEIN CLARKE & MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 321-0087


By:  /s/ Colin Reeves
Colin Reeves
Joshua S. Moskovitz
*Attorneys for Plaintiff*